RECORD NUMBER: 14-6567

# United States Court of Appeals

*for the*

# Fourth Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

ROBERT FENN,

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

# OPENING BRIEF OF APPELLANT

**JAMES W. HUNDLEY**
**BRIGLIAHUNDLEY, P.C.**
**1921 Gallows Road**
**Suite 750**
**Vienna, Virginia 22182**
**(703) 883-0880**

*Counsel for Appellant*

CP  COUNSEL PRESS • VA – (800) 275-0668

# TABLE OF CONTENTS

Table of Authorities ...................................................................... iii

Statement of Jurisdiction ............................................................... 1

Statement of the Issues .................................................................. 1

Statement of the Case .................................................................... 1

Statement of Facts ........................................................................ 2

    A. Facts Presented at Trial. ..................................................... 2

    B. Newly Discovered Evidence .............................................. 5

Summary of the Argument .............................................................. 7

Argument ..................................................................................... 8

I.      Standard of Review ............................................................. 8

II.     The Interest of Justice Requires Vacating Robert Fenn's Judgment of Conviction and Granting a New Trial Based on the Newly Discovered Evidence ........................................................ 8

    A.    Evidence of sexual abuse by William Fenn against his stepdaughters was newly discovered since Robert Fenn's trial ........................................................................ 9

    B.    The newly discovered evidence of William Fenn's sexual abuse against minors is not cumulative or impeaching ............ 11

    C.    The newly discovered evidence of William Fenn's sexual abuse against young girls is material ...................................... 13

        i.    The newly discovered evidence is material because it directly supports Robert Fenn's alternate theory of the crime ................................................................ 13

ii.    The newly discovered evidence is admissible under Federal Rule of Evidence 404(b) ........................................ 15

D.    The newly discovered evidence of William Fenn's sexual abuse against minors, if introduced at trial, would probably produce an acquittal................................................................. 18

Conclusion ...................................................................... 21

Request for Oral Argument.......................................................... 21

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

**Cases:**

*United States v. Arrington,*
   757 F.2d 1484, 1486 (4th Cir. 1985) ................................................... 8

*United States v. Bales,*
   813 F.2d 1289 (4th Cir. 1986) ............................................................. 9

*United States v. Beahm,*
   664 F.2d 414 (4th Cir. 1981) ............................................................. 16

*United States v. Campbell,*
   977 F.2d 854 (4th Cir. 1992) ............................................................... 8

*United States  v. Custis,*
   888 F.2d 1355 (4th Cir. 1993) ................................................... 8, 9, 12

*United States v. Fulcher,*
   250 F.3d 244 (4th Cir. 2001) ................................................... 9, 11, 12

*United States v. Kelly*
   510 F.3d 433 (4th Cir. 2007) ............................................................. 17

*United States v. Kelly,*
   539 F.3d 172 (3rd Cir. 2008) ............................................................. 18

*United States v. Kizeart,*
   102 F.3d 320 (7th Cir. 1996) ............................................................. 12

*United States v. Lawnhorne,*
   29 F.Supp.2d 292 (E.D. Va. 1998) ....................................................... 9

*United States v. Lighty,*
   616 F.3d 321 (4th Cir. 2010) ............................................................. 18

*United States v. Moore,*
   709 F.3d 287 (4th Cir. 2013) ................................................. 13, 14, 20

*United States v. Piazza*,
    647 F.3d 559 (5th Cir. 2011) ............................................................ 15

*United States v. Piazza*,
    649 F.3d 559 (4th Cir. 2011) ............................................................ 13

*United States v. Rice,*
    347 F. App'x 904 (4th Cir. 2009) ..................................................... 17

*United States v. Robinson*,
    627 F.3d 941 (4th Cir. 2010) ...................................................... 13, 15

*United States v. Rubio*,
    No. 95-5421 1996 WL 329630 (4th Cir. June 17, 1996) ................... 16

*United States v. Vosburgh*,
    602 F.3d 512 (3rd Cir. 2010) ............................................................ 16

*United States v. Wellman*,
    No. 1:08cr43, 2009 WL 159301 (S.D.W.Va. January 20, 2005) ....... 17

*United States v. White*,
    972 F.2d 16 (2d Cir.1992) ................................................................ 11

*United States v. Wilson*,
    624 F.3d 640 (4th Cir. 2010) ............................................................ 18

## Rules, Statutes, and Other Authorities:

18 U.S.C. § 2252(a)(2) ...................................................................... 1

18 U.S.C. § 2252(a)(4)(B) ................................................................. 1

18 U.S.C. § 3231 ............................................................................... 1

28 U.S.C. § 1291 ............................................................................... 1

Federal Rule of Criminal Procedure 33 ................................... 1, 7, 8

Federal Rule of Evidence 414 ......................................................... 17

Federal Rule of Evidence 404(b) ................................................................... 15

Federal Rule of Evidence 404(b)(1) ...................................................... 15, 16

Federal Rule of Evidence Rule 404(b)(2)............................................. 15, 16

## STATEMENT OF JURISDICTION

Robert Fenn was charged and convicted in the Eastern District of Virginia for receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and for possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The district court entered the judgment of conviction against Mr. Fenn on June 21, 2013. J.A. 15. J.A. 423. On February 3, 2014, Mr. Fenn filed a motion for a new trial based on newly discovered evidence. On March 20, 2014, the district court heard evidence and argument on the motion. After the hearing, the court took the motion under advisement. On April 3, 2014, the district court issued an order and memorandum opinion denying the motion. J.A. 443. Robert Fenn filed a timely notice of appeal to this Court on April 8, 2014. J.A. 865.

The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and Federal Rule of Criminal Procedure 33. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Whether the district court erred in denying Robert Fenn's Rule 33 Motion for New Trial Based on Newly Discovered Evidence.

## STATEMENT OF THE CASE

On December 6, 2012, Robert Fenn was indicted in the United States District Court for the Eastern District of Virginia on one count of receipt of child

1

pornography and one count of possession of child pornography.  J.A. 15.  Mr. Fenn

entered pleas of not guilty to both counts.  The case was tried by a jury which

found Mr. Fenn guilty of both charges.    On June 21, 2013, the district court

sentenced Mr. Fenn to 120 months on each count, to run concurrently, with a 20

year supervised release term.    J.A. 592-597.    The district court entered the

judgment of conviction and sentence on June 25, 2013.  J.A. 592-597.

On June 26, 2013, Mr. Fenn appealed the judgment of conviction to the

United States Court of Appeals for the Fourth Circuit.  On February 4, 2014, the

appeal was denied.  On February 3, 2014, Mr. Fenn filed a Motion for New Trial

Based on Newly Discovered Evidence in the Eastern District of Virginia.  J.A.

443-649.  On March 20, 2014, a hearing on that motion was held before the

Honorable James C. Cacheris, and on April 3, 3014, that motion was denied.  J.A.

804-825; 846-863; 864.

## STATEMENT OF FACTS

**A.    Facts Presented at Trial.**

On June 12, 2012, Fairfax County Police entered the home of William,

Catherine, Robert and John Fenn ("the Fenn home") to execute a search warrant.

During execution of the search warrant, ten computers and eleven hard drives were

seized from the Fenn home.  J.A. 68-69; 77-78.  Among them was an Acer desktop

computer found in Robert's room.  J.A. 78.  An examination of this computer's

contents uncovered videos and images of confirmed child pornography.  J.A. 72;

83.  Additionally, suspected child pornography was found on a computer belonging

to John Fenn, Robert's brother, seized from John's bedroom and on a computer

belonging to William Fenn, Robert's father, seized from the Fenn home's living

room.[1]  J.A. 77-78; 113.  Although detectives found the Acer desktop in Robert's

room, it had been located in the basement from 2010 to June of 2012.  J.A. 205-

211; 219-223; 241; 247.  William Fenn spent a great deal of time alone in the

basement working on his electronics and HAM radio.  J.A. 216-217; 221; 235-236,

241, 246.  During two interviews with detectives, Robert admitted to possessing

Hentai, animated images that depict minors in sexual situations.  J.A. 432-434;

438-439.  Hentai is legal to possess.  It was found on the Powerspec computer, a

computer belonging to Robert and kept in his bedroom.  J.A. 72.  Robert insisted

that child pornography would not be found on computers belonging to him.  J.A.

38-39.

---

[1] To prove that an image or video is child pornography, the government must establish that actual minors were used in the production of the video or image. Prior to trial in this matter, the parties stipulated that the Center for Missing and Exploited Children had confirmed that 59 videos and 255 photographs, including images depicted in Gov. Exhibits 9 through 13, used minors in their production. No other images were confirmed in this manner.  Therefore, all other images found on devices located in the Fenn home qualify simply as "suspected child pornography."

On December 6, 2012, Robert Fenn was indicted in the United States District Court for the Eastern District of Virginia on one count of receipt of child pornography and one count of possession of child pornography. J.A. 15. On April 2, 2013, the case proceeded to trial by jury. At trial, pursuant to Federal Rule of Evidence 404(b), evidence of Robert Fenn's possession of images known as Hentai or Lolicon was admitted. J.A. 47-49; 73-76.

The government also presented charts detailing John and William Fenn's activity during the times child pornography was downloaded and viewed on the Acer desktop. J.A. 113-126, 155-174, 364-370, 383-403. The charts documented when John Fenn was working at Petco, and they documented when William Fenn was on a computer other than the Acer desktop. J.A. 113-126, 155-174, 364-370, 383-403. The charts concluded that William Fenn was on another computer on 5 of the 231 occasions when suspected child pornography was downloaded onto the Acer desktop. J.A. 168. Specifically, William was on a portable Toshiba laptop (found to contain suspected child pornography) or a Powerspec computer located in the basement. J.A. 155-174.[2] The charts, however, could not establish that William Fenn was not in the same vicinity as the Acer desktop at the time of the

---

[2] Officer Nelson testified that the Toshiba laptop, although found in the living room during the search, was portable. J.A. 180.

4

downloads. [3]   In fact, given his strong ties to the basement and the Powerspec's basement location, the charts support the conclusion that William Fenn was in the basement with the Acer desktop at the time the child pornography was received.  In sum, the evidence presented at trial was insufficient to exclude William Fenn as the person responsible for the illegal downloads.

**B.     Newly Discovered Evidence.**

After Robert Fenn's conviction, he retained new counsel to represent him on appeal.  J.A. 13.  On July 8, 2013, Catherine Fenn, Robert's mother, received a call from Joyce Williams, William Fenn's daughter from his previous marriage to Shirley Minter, and Jeanene Milanak, William Fenn's stepdaughter from this previous marriage.  During the call, Jeanene Milanak described in detail acts of sexual abuse inflicted upon her by William Fenn when she was a child.  J.A. 449, 821-822.  This was the first time Catherine Fenn had heard these facts.

On August 31, 2013, an investigator employed by Robert Fenn interviewed Ms. McPherson and Ms. Milanak.  J.A. 596-610; 666-673.  On September 24, 2013, the investigator interviewed a third stepdaughter, Adena Seitez, by phone. J.A. 611.  The women are currently in their fifties but were young girls in the age

---

[3]  In addition, evidence was presented by the defense that William Fenn knew the password to the Acer computer.  J.A. 488.

range of 8 to 16 when William Fenn resided in their home during his marriage to their mother. J.A. 596-614; 669-673. All three women recounted incidents of repeated sexual abuse against them by William Fenn. The abuse occurred in their home over a period of years. J.A. 596-614; 663-673. Ms. McPherson, the oldest of the three, was approximately 16 when her abuse began. J.A. 597; 667. Ms. Milanak recalls she was in "grade school" and Ms. Seitez was between the ages of 10 and 11 when they were first abused by William Fenn. J.A. 603; 611; 669.

All three women described a strikingly similar pattern. William would begin the abuse by telling the girls he had to "teach" them. J.A. 596-614; 663-673. He would instruct them to expose their genitals to him. J.A. 596-614; 663-673. He would then remove his pants and masturbate to ejaculation in front of them. J.A. 596-614; 663-673. His abuse of Jadell, the oldest daughter, never progressed past this level. J.A. 667-668. However, William Fenn's abuse of the younger girls was much more aggravated. Jeanene was required to masturbate her stepfather and then perform oral sex on him. J.A. 669-671. Eventually, William Fenn attempted to rape Jeanene, but he was unable to fully penetrate her. J.A. 671. Adena's description of the abuse she suffered is almost identical to that of Jeanene. J.A. 612.

During the afternoon of October 24, 2013, William Fenn was interviewed by Robert Fenn's investigator and his attorney at the Fenn home. J.A. 615-647. The

6

interview was recorded.  William Fenn confirmed that Jadell, Jeanene and Adena had accused him of abuse when he was married to their mother.  J.A. 633-636.  Although he refused to acknowledge that his conduct constituted sexual abuse of a child, William Fenn acknowledged that he attempted to "teach" his young stepdaughters about sex.  Specifically, he admitted that he pulled down his pants and exposed his genitals to them in order to show them "what a boy looked like."  J.A. 634.

On the following morning, William Fenn attempted to take his own life.  Catherine Fenn found her husband lying on the bedroom floor in a semi-conscious state.  William Fenn told his wife he had taken an overdose of drugs.  Catherine called the paramedics who transported William to the hospital.  The drug overdose was confirmed at the hospital.  William stayed overnight at the hospital and was released after signing papers stating he would not try to harm himself again.  J.A. 449.

Prior to his conviction, Robert Fenn had no knowledge that his father had sexually abused children.   J.A 815.

## <u>SUMMARY OF THE ARGUMENT</u>

The newly discovered evidence of William Fenn's sexual abuse of his young stepdaughters warrants vacating Robert Fenn's conviction and granting him a new trial.  Federal Rule of Criminal Procedure 33.  The evidence satisfies all factors

that a court must consider in a motion based on newly discovered evidence. First, the evidence was not known to Robert Fenn or his attorney prior to trial and could not have been discovered by their due diligence. Second, the evidence is material and not merely cumulative or impeaching because it supports Robert's Fenn defense that his father was the perpetrator of the crimes alleged. The new evidence establishes that William Fenn possesses a deviant sexual interest in young girls of the same age and appearance as depicted in the child pornography at issue. Finally, the new evidence would "probably produce an acquittal" if introduced at trial because it clearly rebuts the government's attempt to exclude William Fenn as a perpetrator of the crime. *See United States v. Custis,* 888 F.2d 1355, 1359 (4th Cir. 1993).

## ARGUMENT

### I.    Standard of Review.

This Court reviews denial of a motion for a new trial under Rule 33 for abuse of discretion. *United States v. Campbell*, 977 F.2d 854, 860 (4th Cir. 1992); *See also United States v. Arrington*, 757 F.2d 1484, 1486 (4th Cir. 1985).

### II.    The Interest of Justice Requires Vacating Robert Fenn's Judgment of Conviction and Granting a New Trial Based on the Newly Discovered Evidence.

Federal Rule of Criminal Procedure 33 provides that "upon defendant's motion the court may vacate any judgment and grant a new trial if the interest of

justice so requires." To determine whether to grant a new trial on the grounds of newly discovered evidence, the court considers five factors:

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Custis,* 888 F.2d 1355, 1359 (4th Cir. 1993) (quoting *United States v. Bales,* 813 F.2d 1289, 1295 (4th Cir. 1986)).

### A. Evidence of sexual abuse by William Fenn against his stepdaughters was newly discovered since Robert Fenn's trial.

A defendant satisfies the first and second prongs of the five part test when the evidence is not known to the defendant "prior to or during trial", and could not have been known by the defendant's due diligence. *United States v. Fulcher*, 250 F.3d 244, 249-250 (4th Cir. 2001); *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987). "'Diligence' means ordinary diligence, not the highest degree thereof; and diligence usually is determined by taking into account the composite knowledge of the defendant and his counsel*.*" *United States v. Lawnhorne,* 29 F.Supp.2d 292, 305 (E.D. Va. 1998).

Neither Mr. Rhyne nor Robert Fenn possessed the newly discovered evidence prior to or during trial. At the March 20, 2014 hearing, the government

did not dispute that Robert Fenn had no knowledge of any past sexual assaults on minors by his father. J.A. 836. While Catherine Fenn was aware of vague rumors that she mentioned to Mr. Rhyne shortly before trial, Mr. Rhyne did not receive any of the information contained in the witness statements from Ms. Milanak, Ms. McPherson, or Ms. Seitz. J.A. 809. It was not until after Robert's conviction that William Fenn's stepdaughters came forward to provide information about the sexual abuse they suffered at the hands of William Fenn. J.A. 820-822. Moreover, it was not until after trial, when confronted by his stepdaughters' accounts of his abuse, that William Fenn admitted he had exposed himself to his young stepdaughters, an undeniable act of sexual abuse against a minor. J.A. 634. Thus, prior to and during trial, Mr. Rhyne "had no factual information about the nature of the accusations, and what was being said by way of accusation." J.A. 809. The new evidence was discovered after trial and, as the district court found, satisfies the first prong of the *Chavis* test.

Additionally, the trial court properly inferred due diligence on the part of Robert Fenn. Throughout trial, defense counsel made efforts to establish that William Fenn, not Robert, was the person who received and possessed the child pornography. The defense sought to establish that the child pornography found on the Acer computer could have been downloaded by William Fenn. The defense also developed evidence that William Fenn was in possession of suspected child

10

pornography. The government sought to rebut this possibility by noting the similarities between the child pornography and the Hentai which Robert admitted was his. J.A. 303. Now, after Robert's conviction, it has been discovered that William Fenn sexually molested young girls of the same age and appearance as those depicted in the child pornography found on a computer in his work space. Mr. Rhyne did not have the means to develop this new evidence because he did not have any information, such as names of witnesses, their locations, or substance of their potential testimony, that he could develop prior to or during trial. J.A. 809. Specifically, he "did not know the nature of the allegations, what they were claiming, how many of them were claiming it and when they were claiming something happened." J.A. 810-811. Such evidence could not have been discovered through ordinary diligence until after the trial because the victims of the molestation did not come forward until after learning of Robert's conviction.

**B.     The newly discovered evidence of William Fenn's sexual abuse against minors is not cumulative or impeaching.**

"For evidence to be cumulative under Rule 33, it must be 'additional evidence to that which was presented at trial as to a fact.'" *United States v. Fulcher*, 250 F.3d 244, 250 (4th Cir. 2001) (citing *United States v. White*, 972 F.2d 16, 20 (2d Cir.1992)). Evidence is not cumulative unless "it adds very little to the probative force of the other evidence in the case so that if it were admitted its contribution to the determination of truth would be out-weighed by its contribution

11

to the length of trial." *Id.* (citing *United States v. Kizeart,* 102 F.3d 320, 325 (7th Cir.1996)).  For purposes of Rule 33, evidence is impeaching when it goes *only* to the credibility of a witness.  *See United States v. Custis*, 988 F.3d 1355, 1359 (4th Cir. 1993).

At trial, evidence was presented that William Fenn was in possession of suspected child pornography.   J.A. 171-172.   However, evidence of William Fenn's sexual interest in girls of the same age as those depicted in the child pornography was never presented.  A crucial component of the government's case was the exclusion of William Fenn as a possible culprit.  This was accomplished, in part, by establishing Robert's interest in Hentai.  Robert's Hentai images as well as non-pornographic images of young girls were admitted at trial. J.A. 47-49; 73-76; 435-440.  Of course, these were legal activities.  Evidence of William Fenn's past sexual atrocities would have been a powerful rebuttal to the government's case and a crucial addition to the defense's theory that William Fenn, not Robert, received the child pornography.   This new evidence would certainly have demonstrated that William Fenn's sexual interest in children made him more likely that Robert to possess child pornography.

The newly discovered evidence also is not impeachment evidence.  William Fenn did not testify at trial, and his sexual interest in young girls was not

12

presented.  The trial court correctly ruled that the new evidence satisfied this prong

of the *Custis* test.

### C.    The newly discovered evidence of William Fenn's sexual abuse against young girls is material.

A defendant satisfies the materiality prong of the five-part test by showing

the evidence was material to the issues involved.  *Moore*, 709 F.3d at 293, *citing*

*United States v. Robinson*, 627 F.3d 941, 948 (4th Cir. 2010).   "Evidence is

certainly material as it goes to whether another person committed the acts of which

the jury found [the defendant] guilty." *Moore*, 709 F.3d at 294, *citing United States*

*v. Piazza*, 649 F.3d 559, 569 (4th Cir. 2011).

### i.    The newly discovered evidence is material because it directly supports Robert Fenn's alternate theory of the crime.

As the trial court found, the newly discovered evidence in this case is

material to the issues involved.  In an effort to rebut Robert Fenn's assertion that

William Fenn was the perpetrator, the government offered evidence of William

Fenn's computer activities at the time the child pornography was downloaded. J.A.

113-126, 155-174, 364-370, 383-403.   In that same pursuit, the government

introduced the Hentai images Robert Fenn admitted were his and compared their

similarities to the child pornography, arguing it was more likely that Robert

downloaded the illegal images because he was sexually aroused by such images.

J.A 31.2-31.3; 73-76; 254-256; 308.  In this context, evidence that William Fenn

13

molested girls of the same appearance as those depicted in the child pornography is material because it establishes William Fenn, more so than Robert, as someone not only likely to be aroused by child pornography, but as one willing to commit criminal acts to satisfy his deviant desires. Because the newly discovered evidence supports the defense's claim that William Fenn committed the crimes of which Robert was found guilty, the materiality prong has been satisfied.

The present case is analogous to the newly discovered evidence analyzed in *United States v. Moore*, 709 F.3d 287 (4th Cir. 2013). Moore was convicted by a jury of carjacking. Moore was not identified as a suspect until four days after the robbery. His identification rested in large part on the fact that the perpetrator had dreadlocks. Another individual, Larry Pollin, had been seen driving the car after it had been stolen but before Moore's arrest. At trial, the government attempted to exclude Pollin as the perpetrator of the crime by presenting a photograph that purportedly established Pollin had short hair at the time of the carjacking. In rebuttal, the defense called Pollin's cousin who testified that Pollin had dreadlocks at the time of the crime. This testimony was deemed insufficient by the jury.

After trial, Moore's counsel obtained a booking photograph of Pollin taken one month after the carjacking showing Pollin with dreadlocks. It was then determined that the government's picture of Pollin with short hair was taken two years after the carjacking. Moore's counsel filed a motion for a new trial based, in

14

part, on newly discovered evidence. The district court denied the motion on the grounds that the newly discovered evidence was not sufficiently material. The Court of Appeals reversed, finding that all five prongs of the newly discovered evidence analysis had been met. In particular, the Court found the evidence material to Moore's claim that Pollin was the carjacker, a defense addressed at trial and in closing arguments. *See also United States v. Robinson,* 627 F.3d at 949 (recognizing that retrial is appropriate where new evidence directly supports an alternative theory of the crime); *United States v. Piazza*, 647 F.3d 559, 569 (5th Cir. 2011) (agreeing that "evidence is certainly material as it goes to whether another person committed the acts of which the jury found [the defendant] guilty.")

### ii.  The newly discovered evidence is admissible under Federal Rule of Evidence 404(b).

The applicability of Federal Rule of Evidence 404(b) to the new evidence further highlights its materiality. Under Federal Rule of Evidence 404(b), evidence of "other wrongs" committed by "a person"[4] is admissible to prove "motive

---

[4] Rule 404(b)'s application is not limited to only the defendant or a witness. The rule states that "evidence of a crime, wrong, or other act is not admissible to prove *a person's* character in order to show that on a particular occasion *the person* acted in accordance with the character. Rule 404(b)(1). Rule 404(b)(2) provides other purposes this evidence may be admissible for, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *See* Federal Rule of Evidence 404(b)(1); 404(b)(2).  When the defendant seeks to introduce 404(b) evidence to exonerate himself, the evidence is admissible if it is "it tends, alone or with other evidence to negate [the accused's] of the crime charged against him." *United States v. Rubio*, No. 95-5421 1996 WL 329630, at *4 (4th Cir. June 17, 1996) (citing *United States v. Stevens*, 935 F.2d 1380, 1404 (3rd Cir 1991)).

At trial, the court ruled that the defendant's possession of legal erotica was admissible to show that he harbored a sexual interest in children thereby helping to identify him as the person who downloaded the child pornography, citing *United States v. Vosburgh*, 602 F.3d 512 (3rd Cir. 2010).   J.A. 47-49.  William Fenn's sexual abuse of girls similar to those depicted in the child pornography is admissible for the same reasons that the court admitted Robert's Hentai images. The newly discovered evidence is admissible to show William Fenn's intent, motive, and identity as the person that received and possessed the child pornography.  *See United States v. Beahm,* 664 F.2d 414 (4th Cir. 1981) (holding that the testimony of two male witnesses that the defendant had made sexual advances on them was admissible to prove intent, knowledge, or absence of mistake in the trial for unrelated acts of taking indecent liberties with a child.)

16

Although the time lapse of approximately 40 years in this case is longer than the lapse approved in other Fourth Circuit cases, this Court has never held that a 40 year time lapse is unreasonable in these circumstances. In *United States v. Rice*, this Court held that evidence of the defendant's molestation of a child 18 years prior was admissible in his prosecution of possessing child pornography. 347 F. App'x 904, 905 (4th Cir. 2009). In *United States v. Kelly*, this Court held that evidence of the defendant's attempted rape of a minor 22 years prior was admissible in his prosecution for traveling in interstate commerce to engage in sexual conduct with a minor. 510 F.3d 433, 437 (4th Cir. 2007). Neither holding suggested that a longer time period would render the evidence inadmissible.[5] Moreover, the nature of the newly discovered evidence is highly probative because it shows William Fenn's sexual attraction towards children. *See United States v. Wellman*, No. 1:08cr43, 2009 WL 159301, at *5 (S.D.W.Va. January 20, 2005) (holding that "whether indulging in child pornography or raping a child, an individual who does both is obviously motivated by a sexual interest in

---

[5] *See also* Federal Rule of Evidence 414, which allows "for the admission of evidence of other molestation offenses committed by the defendant." As the trial court noted in its Memorandum Opinion, Congress' decision to reject any time limit on prior sex offense evidence when enacting this rule reflects its judgment that in child molestation cases, a history of similar acts is exceptionally probative. J.A. 459-460.

17

children...though possession of child pornography is different from sexual abuse of a child, each involves the exploitation of a child.")

**D.    The newly discovered evidence of William Fenn's sexual abuse against minors, if introduced at trial, would probably produce an acquittal.**

In making the determination whether a defendant has satisfied the last prong of the five-part test, the district court "should focus on whether a jury probably would reach a different result upon hearing the new evidence." *United States v. Wilson*, 624 F.3d 640, 663 (4th Cir. 2010) (citing *United States v. Kelly*, 539 F.3d 172, 189 (3rd Cir. 2008)). As part of the "probability-of-acquittal inquiry," the district court must decide whether the newly discovered evidence is credible and must consider the proffered testimony with all other evidence in the record. *United States v. Lighty*, 616 F.3d 321, 374 (4th Cir. 2010).

In this case, the evidence presented at trial established that three men resided in the home where the Acer computer containing child pornography was found. J.A. 78-79; 155. Although the Acer was seized from Robert's room when the search warrant was executed, three different witnesses testified that the computer had been kept in the Fenn's basement for the previous two years. J.A. 205-211; 219-223; 241; 247. Witnesses established that the basement was the location where William Fenn spent most of his time, alone. J.A. 221; 231. In analyzing the

18

content of several devices found in the Fenn home, police found suspected child pornography on a laptop computer belonging to William Fenn.  J.A. 113.

As discussed, the government relied on two primary types of evidence to eliminate William Fenn as possible perpetrator of the charged crimes.  First, the government offered Robert's Hentai images and non-pornographic images on a loose hard drive into evidence and argued that their similarity to the child pornography established that no one in the Fenn home except Robert possessed a desire to view explicit images of children. J.A 31.2-31.3; 73-76; 254-256; 308.

Second, the government offered evidence that William Fenn was using another computer at the time the child pornography was downloaded onto the Acer computer.   J.A. 155-174.   However, the other computer in question was the Toshiba laptop.  J.A. 171.  Given its portability, it easily could have been used by William Fenn in the basement at the same time he was downloading pornography onto the Acer computer.  J.A. 157; 180.

The jury also heard evidence of William Fenn's connection to the Acer desktop computer: the Acer was kept in William Fenn's "area" (the basement) at the time of the downloads, and William Fenn had the password to Robert's user account.  J.A. 221; 231; 246; 253; 262.  Evidence of William Fenn's sexual interest in children would have solidified the connection between William Fenn and the child pornography on the Acer desktop.

19

The newly discovered evidence clearly rebuts the government's elimination of William Fenn as the perpetrator. It establishes William Fenn as a sexual predator with a history of molesting young girls similar in appearance to those depicted in the child pornography. Under the over-arching standard of reasonable doubt, evidence establishing William Fenn as the perpetrator instead of Robert weighs heavily in ascertaining whether a jury would have reached a different result. The newly discovered evidence of William Fenn's sexual abuse of children coupled with his access to the Acer computer leads to only one conclusion: the jury "probably" would have acquitted Robert because William Fenn is the more likely perpetrator of the crime.

In sum, the newly discovered evidence under cuts the government's case to the point where it cannot provide proof beyond a reasonable doubt. *See also United States v. Moore,* 709 F.3d 287 (remanding for new trial where a newly discovered picture of the third party the defendant claimed committed the offense portrayed the third party wearing his hair in a style that matched the victim's description of the assailant, and the picture was time-stamped within days of when the offense occurred.) The district court erred in concluding that the new evidence did not satisfy this final prong of the *Custis* test.

## <u>CONCLUSION</u>

For the reasons stated above, the district court erred in denying Mr. Fenn's Rule 33 Motion for a New Trial Based on Newly Discovered Evidence. This Court should reverse the convictions of Robert Fenn for Possession and Receipt of Child Pornography and remand the case for a new trial.

## <u>REQUEST FOR ORAL ARGUMENT</u>

Counsel for appellant asserts that the issues raised in this brief may be more fully developed through oral argument and respectfully request the same.

Respectfully Submitted,

<u>/s/ James W. Hundley</u>
Of *Counsel*

James W. Hundley
BrigliaHundley, P.C.
1921 Gallows Road, Suite 750
Vienna, Virginia 22182
(703) 883-0880
jhundley@bhnklaw.com

*Counsel for Appellant*

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. <u>14-6567</u>    **Caption:** <u>United States v. Robert Fenn</u>

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[✓]    this brief contains ____4,899____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ]    this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[✓]    this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word, 2010</u> [*identify word processing program*] in _____ [*identify font size and type style*]; **or**

[ ]    this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) <u>James W. Hundley</u>

Attorney for <u>Appellant</u>

Dated: <u>6/20/2014</u>

# CERTIFICATE OF SERVICE

I certify that on <u>June 20, 2014</u> the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Lindsay Androski Kelly
Alicia J. Yass
OFFICE OF THE U.S.ATTORNEY
2100 Jamieson Avenue Alexandria VA
22314-5194
703-299-3893
lindsay.a.kelly@usdoj.gov

/s/ James W. Hundley
_____
Signature

6/20/2014
_____
Date